```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
YU WEI CAO and YU CONG WEI, individually
and on behalf of all other employees
similarly situated,

                        Plaintiffs,
                                                MEMORANDUM & ORDER
                                                15-CV-0266(JS)(ARL)
MIYAMA, INC., doing business as Ruby
Sushi; W ASIAN CUISINE INC., doing
business as Ruby Sushi; RUBY ASIAN
CUISINE, INC., doing business as Ruby
Sushi; XI CHEN; MU JIN CHEN; and MING
HANG WANG,

                        Defendants.
----------------------------------------X
APPEARANCES
For Plaintiffs:      Jian Hang, Esq.
                     Shan Zhu, Esq.
                     Hang & Associates, PLLC
                     136-20 38th Avenue, Suite 10G
                     Flushing, New York 11354

                     William M. Brown, Esq.
                     Brown, Kwon & Lam, LLP
                     275 7th Avenue, Suite 701
                     New York, New York 10001

For Defendants
W Asian Cuisine Inc.,
Ruby Asian Cuisine,
Inc., Xi Chen, and
Ming Hang Wang:      Ricardo R. Morel, Esq.
                     Law Office of Ricardo Morel
                     39-15 Main Street, Suite 318
                     Flushing, New York 11354

Miyama, Inc. and
Mu Jin Chen:         No appearances.

SEYBERT, District Judge:
```

Plaintiffs Yu Wei Cao ("Cao") and Yu Cong Wei ("Wei") commenced this action against defendants Miyama, Inc., doing business as Ruby Sushi ("Miyama"), W Asian Cuisine Inc., doing business as Ruby Sushi ("W Asian Cuisine"), Ruby Asian Cuisine, Inc., doing business as Ruby Sushi ("Ruby Asian Cuisine"), Xi Chen; Mu Jin Chen, and Ming Hang Wang (collectively, "Defendants") seeking to recover unpaid overtime wages and other damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"), and the New York Labor Law, N.Y. Labor Law §§ 1, et seq. ("NYLL"). (See generally Am. Compl., D.E. 53.)  This Court held a bench trial on January 4, 2019 (see Jan. 4, 2019 Min. Entry) and issued its findings of fact and conclusions of law pursuant Federal Rule of Civil Procedure 52(a)(1) on September 10, 2019.  (Sept. 10, 2019 Order, D.E. 89); see also Cao v. Miyama, Inc. et al., No. 15-CV-0266, 2019 WL 4279407 (E.D.N.Y. Sept. 10, 2019).  The Court found Xi Chen, Ming Hang Wang, W Asian Cuisine Inc., and Ruby Asian Cuisine Inc. jointly and severally liable to Wei and awarded Wei damages.[1]  (Sept. 10, 2019 Order at 32-33.)  Currently before the Court is Plaintiff Wei's unopposed motion for $37,300 in attorneys' fees and $2,257.55 in costs.  (Mot., D.E. 92; Pl. Br., D.E. 93;

---

[1] Cao did not appear for trial and the Court dismissed with prejudice Cao's claims against all Defendants.  (Sept. 10, 2019 Order at 32.)  The Court also dismissed with prejudice Wei's claims against Miyama and Mu Jin Chen.  (Id.)

2

Hang Decl., D.E. 94.)  For the following reasons, the Court awards a total of $34,286 in attorneys' fees and $2,257.55 in costs.

DISCUSSION

I.  Legal Standard

Both the FLSA and NYLL allow a prevailing plaintiff to recover a reasonable attorney's fee and costs.  See Cuevas v. Ruby Enters. of N.Y. Inc., No. 10-CV-5257, 2013 WL 3057715, at *1 (E.D.N.Y. June 17, 2013); 29 U.S.C. § 216(b); N.Y. LAB. LAW § 198(1-a).  "'Attorney's fees must be reasonable in terms of the circumstances of the particular case.'"  Cuevas, 2013 WL 3057715, at *2 (quoting Alderman v. Pan Am. World Airways, 169 F.3d 99, 102 (2d Cir. 1999)).  In determining whether fees are reasonable, the Court utilizes the "lodestar" method.  Millea v. Metro-North R.R., 658 F.3d 154, 166 (2d Cir. 2011).  "[T]he lodestar--the product of a reasonable hourly rate and the reasonable number of hours required by the case--creates a presumptively reasonable fee." Id. (internal quotation marks and citation omitted).  The Court may then "adjust the lodestar when it 'does not adequately take into account a factor that may properly be considered in determining a reasonable fee.'"  Id. at 167 (quoting Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 552, 130 S. Ct. 1662, 1673, 176 L. Ed. 2d 494 (2010)).  "Because attorney's fees are dependent on the unique facts of each case, the resolution of this issue is

3

committed to the discretion of the district court." Clarke v. Frank, 960 F.2d 1146, 1153 (2d Cir. 1992).

## II. Analysis

Here, Plaintiff Wei is entitled to an award of fees and costs as a prevailing party. (See generally Sept. 10, 2019 Order.)

### A. Attorneys' Fees

#### 1. Reasonable Hourly Rate

Plaintiff seeks hourly rates of: $400 for principal attorney Jian Hang (Hang Decl. ¶ 18-19); $300 for senior-associates Keli Liu and William Brown (Hang Decl. ¶¶ 20-21, 28-29); $250 for associates Rui Ma, Ken Meang, Phillip Kim (Hang Decl. ¶¶ 22-27); and $200 for associate Marisol Santos (Hang Decl. ¶ 30).

For purposes of the lodestar, "[a] reasonable rate is the rate that a reasonable, paying client would be willing to pay." Barrella v. Vill. of Freeport, 43 F. Supp. 3d 136, 189 (E.D.N.Y. 2014) (internal quotation marks and citation omitted). Courts in this Circuit follow the forum rule: "a district court should generally use the prevailing hourly rates in the district where it sits." Joseph v. HDMJ Rest., Inc., 970 F. Supp. 2d 131, 155 (E.D.N.Y. 2013). "When an application for attorneys' fees seeks to recover for services that 'were performed many years before the award is made, the rates used by the court . . . should be current rather than historic hourly rates.'" Escobar v. Del Monaco Bros. Indus. Inc., No. 14-CV-3091, 2017 WL 3588823, at *2 (E.D.N.Y.

4

Aug. 3, 2017), R&R adopted, 2017 WL 3588638 (E.D.N.Y. Aug. 18, 2017) (quoting Gierlinger v. Gleason, 160 F.3d 858, 882 (2d Cir. 1998)) (alteration in original; further internal quotation marks omitted).

Hang has over ten years of experience practicing employment law, is an active member of the bar, has litigated over two hundred and twenty-two cases, and was previously awarded fees at an hourly rate of $350.  (Hang Decl. ¶ 18.)  Senior associate Liu, who served as lead counsel here, graduated law school in 2013, has primarily practiced labor and employment litigation, has tried several cases in federal court, has litigated over one hundred wage-and-hour cases in federal court or in arbitration, and was previously awarded fees and/or approved at an hourly rate of $250 and $320.  (Hang Decl. ¶ 20.)  Attorney Meang is a 2016 law school graduate, joined Hang Law in 2018, practices wage and hour litigation, is fluent in Korean and serves the Korean community, and was previously awarded fees at an hourly rate of $250.  (Hang Decl. ¶ 22.)  Attorney Ma, a former associate, received his L.L.M. from Georgetown University Law Center and has experience representing local business owners in civil litigation, administrative proceedings, and alternative dispute resolution under labor and employment laws and regulations.  (Hang Decl. ¶ 24.)  Attorney Kim, a former associate, is a Brooklyn law graduate who previously held a judicial fellowship with a judge in

5

the New York State Supreme Court. (Hang Decl. ¶ 26.) Attorney Brown, a former senior associate, has over five years' experience practicing labor and employment law and has litigated and tried numerous wage and hour employment law matter in federal Court. (Hang Decl. ¶ 28.) Attorney Santos, a former associate, specialized in employment law and has previously been awarded fees at a rate of $200 an hour. (Hang Decl. ¶ 30.)

With the exception of Attorney Kim, the rates are reasonable and are well within prevailing rates: "Courts in the Eastern District of New York regularly award hourly rates ranging from $200 to $450 per hour for partners, $100 to $300 per hour for associates, and $70 to $100 per hour for paralegals." Escobar, 2017 WL 3588823, at *2; Aguilar v. Fence Guy, Inc., No. 17-CV-7412, 2019 WL 8160723, at *2 (E.D.N.Y. Dec. 2, 2019), R&R adopted, 2020 WL 1066345 (E.D.N.Y. Mar. 5, 2020) (collecting cases). As for Attorney Kim, the Court is not convinced that an hourly rate of $250 is reasonable given the limited representations regarding his litigation experience and background. (Hang Decl. ¶ 26.) Accordingly, the Court reduces Attorney Kim's rate to $200 an hour. See Run Guo Zhang v. Lin Kumo Japanese Rest. Inc., No. 13-CV-6667, 2015 WL 5122530, at *3 (S.D.N.Y. Aug. 31, 2015) ("FLSA litigators who have more than three years of experience have been awarded rates in excess of $225 per hour.") (citation omitted).

2. <u>Reasonable Number of Hours</u>

"The party seeking attorneys' fees bears the burden of demonstrating that the claimed . . . number of hours is reasonable," and the "amount of time expended must be adequately supported by contemporaneous time records that specify relevant dates, time spent, and work done." <u>Creighton v. Dominican Coll.</u>, No. 09-CV-3983, 2011 WL 4914724, at *6 (S.D.N.Y. Aug. 16, 2011) (internal quotation marks and citations omitted). "Adjustments must be made to the number of hours expended based on case-specific factors, including deductions for 'excessive, redundant, or otherwise unnecessary hours.'" <u>Id.</u> (quoting <u>Quaratino v. Tiffany & Co.</u>, 166 F.3d 422, 425 (2d Cir. 1999)).

Plaintiff's attorneys submitted contemporaneous time records and seek fees for 123.5 hours worked. This accounts for: 47.3 hours billed by Liu, 30.5 hours billed by Hang, 24.2 hours billed by Kim, 11.5 hours billed by Santos, 7.7 hours billed by Ma, 1.2 hours billed by Brown, and 1.1 hours billed by Maeng. (Hang Decl. ¶ 31; Time Records, Hang Decl., Ex. B, D.E. 94-2.) The Court has reviewed the billing records and "while the majority of this time billed is reasonable, some reductions are warranted." <u>Fundora v. 87-10 51st Ave. Owners Corp.</u>, No. 13-CV-0738, 2015 WL 729736, at *1 (E.D.N.Y. Feb. 19, 2015).

First, Hang billed for administrative tasks, such as filing a notice of change of address, and billed numerous 0.1 and

7

0.2 hour entries each time he reviewed a Court filings or updates to the Court's ECF docket, "though these tasks typically take little more than a minute." Id.  Second, some of the entries reflect an unnecessary amount of time billed.  (Compare Time Records at 4 (attorney Kim billing 1.1 hours for "prepared and filed status report" on December 8, 2017) with Dec. 8, 2017 Ltr., D.E. 61 (one paragraph status report filed by Plaintiff requesting referral to mediation); compare Time Records at 4 (attorney Kim billing 1.1 hours for "prepared and filed status report" on May 14, 2018) with May 14, 2018 Ltr., D.E. 63 (one paragraph status report advising the Court that the parties cancelled mediation).) Additionally, 123.5 hours billed as compensation for wage-and-hour litigation through a one-day bench trial is high when compared to Hernandez v. JRPAC Inc., No. 14-CV-4176, 2017 WL 66325, at *4 (S.D.N.Y. Jan. 6, 2017), where 153.35 hours was reasonable for a wage-and-hour case litigated through a three-day bench trial.

While some of these issues are not substantial, "the Court will apply a five percent reduction in Counsel's hours 'as a practical means of trimming fat' from a fee application." Cruz v. Space NY 50th St LLC, No. 17-CV-4936, 2019 WL 4061492, at *5 (S.D.N.Y. Aug. 28, 2019) (quoting Moreno Cocoletzi v. Fat Sal's Pizza II, Corp., No. 15-CV-2696, 2018 WL 7291455, at *25 (S.D.N.Y. Dec. 6, 2018)) (collecting cases).  Therefore, considering the

adjusted hourly rate of $200 for attorney Kim, and the five percent reduction, the Court awards fees in the total amount of $34,286, calculated as:

| Attorney | Hourly Rate | Hours** | Total |
|---|---|---|---|
| Hang | $400 | 28.975 | $11,590 |
| Liu | $300 | 44.935 | $13,481 |
| Ma | $250 | 7.315 | $1,829 |
| Meang | $250 | 1.045 | $261 |
| Kim* | $200 | 22.99 | $4,598 |
| Brown | $300 | 1.14 | $342 |
| Santos | $200 | 10.925 | $2,185 |
| **Total** | | **117.325** | **$34,286** |
| *Reflecting $200 as Kim's hourly rate **Reducing the hours billed by 5% | | | |

B. Costs

Plaintiff seeks a total of $2,257.55 in costs. (Hang Decl. ¶ 32.) This includes a $400.00 filing fee, $552.75 for service of process fees, $604.80 for transcripts, and $700 for translation services. (Costs, Hang Decl., Ex. C, D.E. 94-3.) These costs are reasonable and supported by the record. See Jin v. Pac. Buffet House, Inc., No. 06-CV-0579, 2010 WL 2653334, at *5 (E.D.N.Y. June 25, 2010).

C. Automatic Increase of an Unpaid Judgment

Finally, the Court grants Plaintiff's request to "issue a final judgment that includes the fifteen percent automatic increase of all remedies provided for under the NYLL." (Pl. Br. at 6-7.) The Court amends the Judgment entered September 10, 2019

9

(See J., D.E. 90) to include: "if any amounts [of damages awarded under the NYLL] remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent." N.Y. LAB. LAW § 198(4).

## CONCLUSION

Plaintiff's motion (D.E. 92) is GRANTED, as stated herein, and the Court awards Plaintiff $34,286 in attorneys' fees and $2,257.55 in costs for a total of $36,543.55. The Clerk of the Court is directed to (1) amend the Judgment (D.E. 90) to include: that if the judgment is not entirely paid within 90 days of judgment, or 90 days after the expiration of appeal, whichever is later, and no appeal is pending, then the total amount of judgment shall automatically increase by fifteen percent (see N.Y. Lab. Law § 198(4)), and (2) mark this case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT  
Joanna Seybert, U.S.D.J.

Dated:   August __18__, 2020  
         Central Islip, New York